McIlvaine, C. J.
In disposing of the questions before us, Crawford’s case, as made in his petition to foreclose the mortgage, may be dropped out of view, and the cross-petition of Bell, the mortgagor, regarded as an original petition to adjust and settle a partnership. Thus considered, we have a case where, after dissolution, one partner brought his action against his copartner to compel a settlement of the partnership accounts under the direction of a court of equity. A case in which it was admitted by the pleadings that an equal partnership had existed; that it was dissolved ; that all the partnership effects had been converted, and that no final settlement had been made of the partnership accounts; but in which issues of fact were joined between the parties as to the terms of the partnership agreement: 1. Whether the managing partner was or was not to be compensated for his services as manager. 2. Whether or not either partner was to be compensated for any excess of capital by him furnished at the rate of ten per centum per annum. The détermination of these two questions was necessary in order to fix the basis upon which the account between the parties should be stated; and, although many items in the partnership accounts as they appeared upon the books of the company were in dispute, as the pleadings show, there was no other issue made in the case, as we understand it, which involved a construction of the partnership articles, or was necessary to be raised by pleading.
The order of reference to the special master is somewhat vague, by reason, no doubt, that it was made before the issues were made up, but we have no doubt that the whole *409 case was referred, as well the issues properly joined by the pleadings and fundamental to the statement of an account, as the statement of an account itself. It was upon this understanding of the order that the special master (as well as the parties before him) acted, and that he reported all the testimony and his findings upon the issues in relation to the terms of the partnership, and also the state of the account between the partners. To each of these findings the defendant below excepted, which exceptions the court overruled, and decreed against him. From that decree he appealed to the District Court.
Two important questions are thus brought before us. Upon what issues and upon what testimony should the cause have been heard and determined in the appellate court? These questions involve the construction of several provisions of our statutes in relation to practice in civil cases.
Under the code, the only triers of issues arising upon the pleadings in civil actions are designated in title IX. Issues of fact may, under certain conditions, be tried either by a court (judge), by a jury, or by referees. No provision was made in the code, at the time it was adopted, for the trial of issues of fact in any case by a master commissioner. If, under this title of the code, such issue were referred for trial to a person, although designated as a master commissioner, he must be regarded as a referee, whose report as to the law and the facts would stand as the decision of the court, and whose report of the facts alone would stand as a special verdict. Such report, if not set aside and a new trial granted, must be followed by the judgment of the court, in accordance with the findings of the referee; and in case of appeal from such judgment, not only the judgment, but the report also is vacated and entirely superseded, and the case stands in the appellate court as though no reference had been made. 7 Ohio St. 129. It will be observed, that there was no authority under this title to require the referee to reduce to writing and report the testimony to the court.
*410 But, while an issue arising upon the pleadings could not, under this title, be referred to a master commissioner for trial, it was nevertheless true, that tbe code, section 611, as originally passed, provided for the appointment of such officers; and, although their powers and duties were not prescribed, there can be no doubt that the several courts of the state, in eases in which neither party was entitled to demand a trial by jury, might, in accordance with the usages of courts of equity, havp referred the case to a master for the purpose of stating an account, or ascertaining some other matter, ancillary to the determination of the cause by the court, with instructions to report the testimony, with his findings, to the court; and in such case an appeal from the judgment rendered on such report would not vacate the report, but would bring it up to the appellate court for confirmation, modification, or vacation, as it stood in the court below. 1 Ohio, 270. Such were the rules of practice under the code previous to the passage of the supplemental act of April 13, 1867. S. & S. 579.
By this act it was provided, “ That in all cases where a cause pending in any of the courts of this state shall have been, or may hereafter be, referred by the court in which said cause may be pending, to a referee, master commissioner, or special master commissioner for trial, with instructions to take testimony and report the same, together with his findings, to the court making the reference, the testimony so taken and reduced to writing by the referee, master commissioner, or special master commissioner, signed by the witnesses giving the same, and reported to the court, shall have all the force and effect of depositions regularly taken in the cause, and may be used as such at any subsequent stage of the cause, either upon a new trial, second trial, or appeal, subject to the restrictions of section 838 of an act entitled ‘ an act to establish a code of civil procedure; ’ but nothing in this act shall be so construed as to prohibit any party from recalling any witness who may have testified, or from taking additional testimony.”
This act, by necessary implication, confers upon courts *411 the power to refer issues arising upon the pleadings to a master commissioner or special master commissioner for trial, such as before could be referred only to referees; and also the power to require, in all such cases of reference, that the testimony be reduced to writing and reported to the court; and by its plain terms, the testimony so reported, when signed by the witnesses giving it, has the force and effect of depositions, to be used on any subsequent trial of the case as other depositions. But this statute in nowise affects the practice in other cases, or in the same cases, where orders of reference are made to masters under the usage of equity courts, for mere ancillary or auxiliary reports.
On the 80th of March, 1868, section 611 of the code was amended so as to read as follows: “ The Court of Common Pleas may appoint, in each county, such number of persons as shall be necessary, to be master commissioners, who shall hold their office for the term of three years, unless removed by the court for good cause. The master commissioners so appointed shall have power to administer all oaths required in the discharge of their official duties, or authorized to be administered by the laws of this state. The court may, upon motion of either of .the parties, refer any action in which the parties are not entitled to demand a trial by jury, to a regular or special master commissioner to take the testimony in writing and report the same to the court, with his conclusions, on the law and facts involved in the issues, which report may be excepted to by the parties, and confirmed, modified, ,or set aside by the court,” etc.
The act of 1867 was not expressly repealed or modified by this'amendment, and is therefore in full force, except in so far as both statutes can not operate. To that extent, and only that, the former must give way to the latter.
Under each act, on the motion of either party, any action in which neither party is entitled to demand a trial by jury, may be referred to a regular or special master commissioner for the trial of the issues arising upon the pleadings. If the reference were made under the former, the report, as *412 under title.IX. of the code, must stand as the decision of the court, and, unless set aside, must be followed by judgment according to its findings. But if made under the 611th section as amended, then the repoi’t may be confirmed, modified, or set aside. In this respect the two acts can not stand together, and the older must give way.
By both statutes the court may require testimony taken upon the reference to be reduced to writing and reported to the court. By the act of 1867, the force and effect of such testimony upon a subsequent trial, whether a new trial, a second trial, or on appeal, are prescribed, while there is no provision on that subject in the amended 611th section of the code. In this respect there is no conflict between the acts, and therefore the rule of the former statute must govern the practice.
It must also be observed that this amended section only applies to cases where the master finds “ the law and the facts involved in the issues,” and, like the act of 1867, does not profess to regulate the practice where the chancellor calls upon a master to state an account, or determine some other fact auxiliary to the final determination of the cause by the court.
How, then, stood this case in the■ appellate court? By the appeal, the finding and judgment of the court below, upon the main issues in the ease, were vacated, and the cause stood in the appellate court for trial upon the same issues. By the main issues we mean those controverted questions, by the determination of which the basis for accounting was established, to the exclusion of those disputed items in the transactions of the company, which would have arisen in the taking of the account, if they had not been mentioned at all in the pleadings. Upon these main issues — to wit, the terms and conditions of the partnership agreenlent — the parties were entitled to introduce any compe'ent testimony without regard to the question whether it was, or might have been, introduced before the master. Therefore we think the court below erred in refusing to hear the witnesses offered by the defendant below.'
*413 In regard to those findings in the master’s report which related to the state of the account between the parties, but were not involved in the main issues, as above stated, we think the case stood, in the District Court, upon the master’s report, the exceptions thereto, and the testimony as reported by him. The report upon such ancillary matters should have been confirmed, modified, or set aside upon a review of the testimony reported by the master, unless, upon some equitable showing, the parties ought to have been permitted to introduce additional testimony.

Motion granted and judgment reversed and cause remanded.

Welch, White, Rex, and Gilmore, JJ., concurred.